No. 82-17

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STUART HENKEL and SELMA HENKEL,
husband & wife, and JULIE BRONNICHE,

Plaintiffs and Respondents,

-vs-

HEWITT AGENCY, INC., a Montana corp.,

Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Herndon, Harper & Munro; James P. Murphy argued,
Billings, Montana

For Respondents:

Anderson, Brown, Gerbase, Cebull & Jones; James L.
Jones argued, Billings, Montana

Submitted:  July 21, 1983

Decided:  October 20, 1983

Filed:

Ethel M. Harrison
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Hewitt Agency, Inc. appeals an order of the Yellowstone County District Court requiring the agency to sell certain property to the plaintiffs pursuant to the terms of a buy-sell agreement signed by Jean Houle. Jean Houle is the majority stockholder of the corporation, one of its three directors, its president, general manager, and real estate agent. Plaintiffs' interests are primarily represented by Stuart Henkel, a licensed real estate broker with many years experience. The trial court held that Jean Houle, as president, had actual and ostensible authority to bind the corporation. It entered an order of specific performance. Hewitt Agency appeals, claiming Houle's lack of authority to bind the corporation invalidates the contract. We reverse the trial court based on indefiniteness of the original buy-sell agreement.

None of the issues raised on appeal address the issue of specificity and definiteness of the terms of the agreement. We raise the issue under the plain error doctrine, and find it dispositive.

The agreement lists a contract price of $160,000. Interest was initially set at 7 1/2 percent per annum. It was modified by the consent of parties to 9 1/2 percent per annum. Interest was to begin July 1, 1978. Monthly payments of $1,000 were to commence August 1, 1978.

At 7 1/2 percent interest, the annual interest totaled $12,000. The monthly payments covered only the interest. The agreement made no provision for payment of the principal. When the parties adjusted the interest rate to 9 1/2 percent, the annual interest was $15,200. The monthly payments of $1,000

-2-

now would not even cover interest.  Still no provision was made for payment of the principal.

Only where all the terms of the agreement are definite may a contract be specifically enforced.  The terms of this buy-sell agreement are so indefinite as to be without meaning unless rewritten.  If the terms must be rewritten, they cannot be specifically enforced.

The judgment granting specific performance is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices